UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALEXANDER JIMENEZ-BAUTISTA,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-CR-00511-LL<br><br>**ORDER:**<br><br>**(1) OVERRULING OBJECTIONS TO PRODUCTION OF JAIL CALL RECORDINGS AND CELL PHONE DATA;**<br><br>**(2) ESTABLISHING PROTOCOL FOR PRODUCTION OF CONTACT INFORMATION FROM CELL PHONES; AND**<br><br>**(3) CONTINUING DATE FOR DEPOSITIONS OF MATERIAL WITNESSES**<br><br>**[ECF No. 32]** |

　　Before the Court is Defendant Alexander Jimenez Bautista's Motion: (1) To Continue Deposition Date of May 8, 2023; (2) To Schedule Additional Status Hearing; (3) To Confirm Scope of Discovery; and (4) For Leave to File Further Motions. ECF No. 32. The material witnesses filed a written opposition to the Motion. ECF No. 36. The Government has not filed any opposition to the Motion. The Court held a hearing on May 2, 2023, and took the Motion under submission. ECF No. 37. This Order follows.

1

## I. BACKGROUND

Defendant Alexander Jimenez-Bautista ("Defendant") was arrested on February 28, 2023, and charged with Bringing in Illegal Aliens Without Presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). ECF No. 1. Defendant and the three material witnesses named in the complaint, Lilian Patricia Cruz-Diaz, Josue Lopez-Juarez, and Reyes Munoz-Vasquez ("Material Witnesses"), are in custody.

The Material Witnesses filed a motion to take their depositions on March 21, 2023. ECF No. 17. Judge Jill L. Burkhardt granted that motion and entered an Order setting the depositions of the Material Witnesses on May 8, 2023. ECF No. 25. On April 17, 2023, Defendant filed the instant motion. ECF No. 32. In this motion, Defendant asks the Court to continue the depositions to May 29, 2023, in order to complete production of necessary discovery and resolve disputes between Defendant and the Material Witnesses regarding the scope of discovery. ECF No. 32. Specifically, Defendant seeks production of recordings of jail calls obtained by the Government, and data from the Material Witnesses' cell phones obtained by the Government. Defendant seeks the right to pursue additional data from Material Witness' cell phones if circumstances warrant. Defendant argues that this information is material, at a minimum, for potential impeachment.

The Material Witnesses object to production of this information. The Material Witnesses contend that the jail call recordings are not relevant. The Material Witnesses object to any request to seek information from their cell phones beyond the 30 days prior to the date of their arrest, and further express concern about Defendant having access to the contact information on their phones.

The Government does not oppose the motion, and does not argue that the information sought by Defendant is not relevant or is immaterial.

## II. ORDER

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the Government to produce information that is "material to preparing the defense" at the request of a defendant. The Court finds that the information sought by Defendant, to the extent it is in

the Government's possession, custody, or control, is discoverable and should be produced. The Government does not contend that the information is not relevant or is immaterial. Material Witnesses concede that the information may be germane to impeachment. That is sufficient to make it discoverable under Rule 16(a)(1)(E)(i). *United States v. Price*, 566 F.3d 900, 912–13 (information that is "potentially admissible for purposes of impeachment" is material). Therefore, the Court **GRANTS** Defendant's motion for discovery and **ORDERS** the Government to produce the information it has obtained from Material Witnesses' jail calls and cell phones to Defendant as soon as practicable, but in no event later than May 19, 2023. If the Government anticipates any problem with meeting this deadline, it should be prepared to discuss that with the Court at the status conference set for May 16, 2023.

Material Witnesses have expressed a concern that given the nature of some allegations against Defendant and his co-defendant in a related case, disclosure of contact information from their cell phones could endanger the Material Witnesses' friends and family. It is not clear to the Court whether the Government's download from the cell phones includes contact information. To the extent it does include contact information, the Court **ORDERS** the Government to produce that information on an attorneys'-eyes-only basis. Defendant's counsel may share the name of any contacts, but may not share the telephone number, address, or other information regarding the contacts with Defendant without first obtaining an order from the Court.

The Court **GRANTS** Defendant's request to continue the depositions. The deposition date of May 8, 2023, is continued to a future date that will be set at the May 16 status conference. Counsel should meet and confer regarding dates in advance of that conference and be prepared to discuss their availability for depositions the weeks of May 22 and May 29. The Court is mindful of the length of time spent in custody by the Material Witnesses and intends to set the depositions for the earliest date practicable.

//

//

The Court **DENIES,** without prejudice, Defendant's motion to the extent it requests production of information that is not within the Government's possession, custody, or control, *i.e.* cell phone data for a period longer than 30 days before arrest.

**IT IS SO ORDERED.**

Dated: May 5, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge